RECEIVED
JAN 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LEONE MONDELLO | CIVIL ACTION NO. 04-2608-P |
| VERSUS | JUDGE HICKS |
| BOSSIER SHERIFF DEPARTMENT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

David Leone Mondello ("Plaintiff") filed a civil rights complaint against the Bossier Sheriff Department and the Bossier Sheriff Correctional Facility. Plaintiff claims his civil rights were violated by prison officials while incarcerated at the Bossier Sheriff Correctional Facility.

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 12). He claims that while in Defendants' custody, he was under threat of imminent danger. He claims he feared Defendants would retaliate against him because he sought review of their alleged civil rights violations against him. As relief, Plaintiff seeks to be transferred to another facility.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

In the instant case, Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the Court refuses to grant a temporary restraining order and/or preliminary injunction as he is no longer in the custody of Defendants. In fact, he is currently incarcerated in the Richwood Correctional Center in Monroe, Louisiana. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 12) be **DENIED** as moot.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed

to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 20th day of January, 2006.

cc: SMH

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE