RECEIVED
JAN 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LEONE MONDELLO | CIVIL ACTION NO. 04-2608-P |
| VERSUS | JUDGE HICKS |
| BOSSIER SHERIFF DEPARTMENT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff David Leone Mondello ("Mondello"), pursuant to 42 U.S.C. § 1983[1]. This complaint was received and filed in this Court on December 28, 2004. Mondello is currently incarcerated in the Richwood Correctional Center in Monroe, Louisiana, but he claims his civil rights were violated by prison officials while incarcerated in the Benton Jail, the Bossier Parish Penal Farm and the Bossier Sheriff Correctional Facility. He names the Bossier Sheriff's Department Officials, the Bossier Sheriff Correctional Facility, Warden Rucker, Lt. Gray,

---

[1] Plaintiff filed three separate complaints on December 28, 2004. Plaintiff's claims regarding the denial of medical care, excessive force and retaliation are addressed in civil action 04-2609. Plaintiff's claims regarding his legal mail are addressed in civil action 04-2610.

Sgt. Maggio, Deputy Pool, Deputy Reece, Deputy Dement, Deputy Wise, Deputy Smith and Lt. Lee as defendants.

Mondello claims that while he was incarcerated at the Benton Jail, the Bossier Parish Penal Farm and the Bossier Sheriff Correctional Facility, he was denied access to a law library, legal paper, pens, copies and free legal calls. He claims that at the time he was denied access to the library and legal supplies, he was working on his criminal case for simple burglary in Red River Parish, his criminal case for simple burglary in Bossier Parish, a juvenile case in Caddo Parish and his three civil rights complaints in this Court. He claims that he was represented by an indigent defender in both criminal cases and was forced to plead guilty because he was unable to do legal research. He claims the juvenile matter regarding his daughter is currently pending.

As relief, Mondello seeks monetary compensation, a transfer to another facility and an investigation.

For the following reasons, Mondello's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

Plaintiff claims he was denied access to a law library and legal materials while working on his two criminal cases, one juvenile case and three civil rights complaints. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct.

1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he was substantially delayed in obtaining judicial review of his claims as a result of the denial of access to the law library and legal supplies. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the denial of access to the law library or legal supplies. Furthermore, Plaintiff was represented by an attorney in his two criminal cases in which he pleaded guilty. Plaintiff's juvenile matter is currently pending. Plaintiff's complaints in this Court reveal on their face that he was able to clearly present his claims to this Court. Thus, he has failed to state any actual injury. Accordingly, Plaintiff's complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of January 2006.

*[signature]*
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC: SMH

H:\PRO SE\1983\LIBRARY\Mondello.access.1-06.wpd